IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02155-GPG

SHANE BURDEN,

Applicant,

v.

THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondent.

---

ORDER OF DISMISSAL

---

Applicant, Shane Burden, is a prisoner in the custody of the Colorado Department of Corrections (CDOC) at the Correctional Complex in Buena Vista, Colorado. He has filed an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (ECF No. 11). Mr. Burden challenges the validity of the conviction and sentences imposed in two separate criminal actions filed in the District Court of Jefferson County, Colorado. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On November 6, 2017, Magistrate Judge Gordon P. Gallagher directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents filed a Pre-Answer Response on November 27, 2017. (ECF No. 16). Applicant filed a reply on November 29, 2017. (ECF No. 17).

The Court construes Mr. Burden's Amended Application liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, this action will be dismissed.

**I. Background and State Court Proceedings**

Mr. Burden was convicted in Jefferson County District Court Case No. 04CR0511 of vehicular eluding with bodily injury (class 4 felony); aggravated driving with a revoked license (class 6 felony); leaving the scene of an accident involving injury (traffic offense); leaving the scene of an accident involving damage and no injury (traffic offense); reckless driving (traffic offense); and driving without insurance (traffic offense). On the day set for sentencing and adjudication of the criminal counts filed in 04CR0511, Mr. Burden pleaded guilty to a second count of aggravated driving with a revoked license (a class 6 felony) in Jefferson County District Court Case No. 04CR2410. (ECF No. 16-1 at 6-9; No. 16-2 at 4). On June 20, 2005, the state trial court adjudicated Mr. Burden a habitual criminal in No. 04CR0511 and sentenced him to an aggregate 24-year prison term. (*Id.* at 6-9, 24). The same day, the trial court sentenced Applicant to a three-year prison term in No. 04CR2410, to run concurrently to the other sentences. (ECF No. 16-1 at 24; No. 16-2 at 4, 13). Mr. Burden filed a direct appeal in Case No. 04CR511. (ECF No. 16-1 at 23).

On March 23, 2007, while Applicant's direct appeal was pending, the Colorado Court of Appeals remanded the case to the district court for the limited purpose of performing a competency evaluation on Mr. Burden. (ECF No. 16-22; *see also* ECF No.

16-27). The state district court ordered Mr. Burden transported to the Colorado Mental Health Institute at Pueblo (CMHIP) for a competency evaluation. (ECF No. 16-8 at 14). Dr. Rose Manguso issued a report on June 13, 2007, in which she opined that Mr. Burden "is currently suffering from a mental disease or defect which renders him incapable of understanding the nature and course of the proceedings again him, or of participating in his defense, or cooperating with defense counsel." (ECF No. 16-19 at 12). The Colorado Court of Appeals was provided with a copy of Dr. Manguso's report. (ECF No. 16-8 at 15).

On July 6, 2007, while Applicant's direct appeal was still pending, ADC filed a motion for state post-conviction relief, pursuant to Colo.Crim. P. Rule 35(c), in both criminal cases. (ECF No. 16-16). ADC argued in the motion that: (1) the district court violated Mr. Burden's right to due process by trying him while he was incompetent; (2) in the alternative, Mr. Burden was denied the right to effective assistance of counsel because his trial counsel failed to challenge the district court's preliminary finding of incompetency; and, (3) Mr. Burden was entitled to an extended proportionality review of his sentence because he did not knowingly and intelligently waive his right to counsel or to a proportionality review. (ECF No. 16-7 at 5). The same day, ADC also filed a Motion to Remand to District Court to Consider 35(c) Motion and Hold Briefing Schedule in Abeyance until Ruling on Remand. (ECF No. 16-14). ADC argued in the motion that if Applicant prevailed on his argument in the Rule 35(c) motion that he was incompetent at the time he was tried and convicted, his convictions would be vacated, thereby mooting his direct appeal. (*Id.* at 3). The Colorado Court of Appeals denied the motion to remand on July 27, 2017. (ECF No. 16-16).

In May 2008, the Colorado Court of Appeals affirmed the convictions in No. 04CR0511. *See People v. Burden*, No. 05CA1559 (Colo. App. May 15, 2008) (unpublished) (*Burden I*). (ECF No. 16-12). The Colorado Supreme Court denied certiorari review on October 6, 2008. (ECF No. 16-10).

Thereafter, Applicant's Rule 35(c) motion was denied summarily by the state district court in a November 17, 2008 minute order. (ECF No. 16-9; No. 16-1 at 19-20). The district court stated in the minute order that the court was granting the ADC's request to deny Applicant's Rule 35(c) motion without a hearing based on counsel's representation that "Defendant is still incompetent." (*Id.*).

In *People v. Burden*, No. 08CA2648 (Colo. App. Oct. 7, 2010) (unpublished) (*Burden II*), the Colorado Court of Appeals affirmed the trial court's order, in part, but remanded for an evidentiary hearing on Applicant's claim that trial counsel was ineffective in handling Mr. Burden's alleged incompetency during both of his criminal cases. (ECF No. 16-7).

Following an evidentiary hearing, the state district court denied relief on the remanded claim. (ECF No. 16-6). The Colorado Court of Appeals affirmed in *People v. Burden*, No. 11CA1056 (Colo. App. June 27, 2013) (*Burden III*). (ECF No. 16-4). Applicant obtained an extension of time to file a petition for certiorari review in the Colorado Supreme Court, but the certiorari proceeding was dismissed on April 17, 2014, after he notified the court that he would not be filing a petition. (ECF No. 16-3).

On August 13, 2014, Mr. Burden filed *pro se* a second Rule 35(c) motion in No. 04CR0511 (ECF No. 16-1 at 14), which was denied by the state district court on October 21, 2014. (*Id.* at 13). He also filed, *pro se*, a Rule 35(c) motion in No. 04CR2410 on

August 13, 2014, which was denied by the state district court on October 20, 2014. (ECF No. 16-2 at 7). Applicant did not file a timely appeal from either denial. (ECF No. 16-1 at 13; No. 16-2 at 7). On November 5, 2014, Mr. Burden filed *pro se* a reply in support of his second Rule 35(c) motion and a notice of change of address in both criminal cases. (ECF No. 16-1 at 13; No. 16-2 at 7). On January 19, 2016, Applicant filed a request for a status report on his second Rule 35(c) motion. (*Id.*; *see also* ECF No. 16-37 at 5).

In April 2016, Mr. Burden filed *pro se* a "Writ of Mandamus" in the Colorado Court of Appeals, which caused the state appellate court to open Case No. 16CA0608. (ECF No. 16-37). In the Writ, Applicant stated that he filed a Rule 35(c) motion with the district court on August 13, 2014, which was denied by the court on October 21, 2014. (*Id.* at 2). He further stated that after he filed a Reply on November 5, 2014, disputing the applicability of a time bar, the state district court appointed the public defender to represent him on November 25, 2014,[1] but took no further action in his Rule 35(c) proceeding. (*Id.* at 2-3, 5). Mr. Burden asked the Colorado Court of Appeals to "force a ruling from Jefferson County Court on the Reply motion filed on November 5, 2014, so [he] may proceed with Case # 04CR511." (*Id.*)

On May 2016, the Colorado Court of Appeals issued an Order directing Mr. Burden to show cause why Case No. 16CA0608 should not be dismissed because he had not identified the order he was appealing from, and, to the extent Applicant was appealing the October 2014 order denying his second Rule 35(c) motion, the appeal was untimely. (ECF No. 16-36). Mr. Burden stated in response that it was not his intent to file an

1 The Court notes that the November 25, 2014 appointment of counsel referenced by Mr. Burden does not appear in the state register of action for No. 04CR0511 or 04CR2410. (*See* ECF No. 16-1 at 13; No. 16-2 at 6-7).

appeal; instead, he was seeking a writ of mandamus directing the state district court to rule on his second Rule 35(c) motion. (ECF No. 16-35). On June 20, 2016, the Colorado Court of Appeals dismissed the "appeal" for lack of a final order from which an appeal could be taken. (ECF No. 16-34).

On September 20, 2016, Mr. Burden filed *pro se* a notice of appeal from the denial of the August 2014 Rule 35(c) motions filed in both cases. (ECF No. 16-33). On December 15, 2016, the Colorado Court of Appeals dismissed the appeal upon determining that "no final order exists from which an appeal may be taken." (ECF No. 16-31 at 3). The Colorado Supreme Court denied Applicant's petition for certiorari review on July 31, 2017. (ECF No. 16-29).

Mr. Burden filed his § 2254 Application in this Court on September 7, 2017. He filed an Amended Application on November 2, 2017, asserting eight claims for relief.

Respondents argue in the Pre-Answer Response that this § 2254 proceeding is barred by the one-year limitation period in 28 U.S.C. § 2244(d). (ECF No. 16 at 13-15). Respondents further contend that Mr. Burden's claims are subject to an anticipatory procedural bar. (*Id.* at 23-31).

## II. Analysis

### A. Timeliness of Application

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Mr. Burden's convictions in both criminal cases were final on Monday, January 5, 2009--90 days after the Colorado Supreme Court denied certiorari review in *Burden I*. However, the AEDPA time clock did not commence on that date because Mr. Burden had already filed a state post-conviction motion in both cases that tolled the running of the one-year period.

Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that

> may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).

The one-year period was tolled in July 2007 by the filing of Mr. Burden's first state post-conviction proceeding and remained tolled until April 17, 2014, when the Colorado Supreme Court denied certiorari review on the remanded claim in *Burden III*. The AEDPA time clock commenced on April 18, 2014 and ran for 117 days until August 13, 2014, when Mr. Burden filed a second Rule 35(c) motion in each case. That filing tolled the limitation period until the state district court summarily denied the motions in both state criminal cases (on October 20 and 21, 2014) and the 49-day period to file an appeal expired. Tolling in No. 04CR0511 ceased on December 9, 2014, and in No. 04CR2410 on December 8, 2014. At that point, 248 days remained on the AEDPA time clock. The one-year limitation period for No. 04CR0511 expired on August 14, 2015, 248 days after December 9, 2014, because Applicant did not file any further post-conviction motions during that time. The one-year limitation period for No. 04CR2410 expired on August 13, 2015, 248 days after December 8, 2014, because Applicant did not file any further post-conviction motions during that time.

Mr. Burden's filing of a Writ of Mandamus in April 2016 and a purported appeal of the state district court's order denying his second Rule 35(c) motion in September 2016 did not toll the running of the one-year limitation period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2004) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (same). In addition, Applicant's 2016 filings in the Colorado Court of Appeals were not "properly filed" within the meaning of § 2244(d)(2) because they were dismissed for lack of a final appealable order. *See, e.g., Artuz v. Bennett*, 531 U.S. 4, 9, 11 (2000) (untimely state filings or those over which the court lacks jurisdiction are not "properly filed" and therefore do not toll); *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005) (extending *Artuz* to untimely state filings even where the state time bar has exceptions).

The Court thus finds that the § 2254 Application is time-barred unless equitable tolling applies.

**B. Equitable Tolling**

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons "in rare and exceptional circumstances." *Gibson,* 232 F.3d at 808 (internal quotation marks omitted); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling may be appropriate if (1) the petitioner is actually innocent; (2) an adversary's conduct or other extraordinary circumstance prevents the petitioner from timely filing; or (3) the petitioner actively pursues judicial remedies but files a defective pleading within the statutory period. *See Holland*, 560 U.S. 631, 649 (2010); *Gibson*, 232 F.3d at 808. Simple excusable neglect is not sufficient to support equitable

tolling. *Gibson*, 232 F.3d at 808. Furthermore, equitable tolling is appropriate only if the petitioner pursues his claims diligently. *Holland*, 560 U.S. at 649; *Miller*, 141 F.3d at 978. The petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978)). Mr. Burden bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

In his reply, Mr. Burden argues that he is entitled to equitable tolling due to "injustices created by the state courts and Mr. Burden's ADC Alison Ruttenberg that created impediments to earlier filing." (ECF No. 17 at 2). However, Applicant fails to explain specifically how either the state courts or his ADC impeded his ability to pursue his federal claims diligently. Mr. Burden's representation to the Colorado Court of Appeals in a *pro se* petition for mandamus relief filed in April 2016 that the state district court appointed counsel to represent him *after* the court denied his second Rule 35(c) motion in October 2014 is refuted by the register of action attached to the pre-answer response. (*See generally* ECF No. 16-1 at 13; No. 16-2 at 6-7). The state court records reflect that Applicant's second rule 35(c) motions were denied in October 2014, that he received notice of the October 2014 orders, that he nonetheless filed a "Reply" in both cases on November 5, 2014, but that the state district court took no further action on the second Rule 35(c) motion. Mr. Burden's erroneous belief that his second Rule 35(c) motion remained pending after the state court denied the motion in both criminal cases in October 2014 is not a sufficient ground for equitable tolling. *See*, *e.g.*, *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing") (internal quotation marks and

citation omitted). Consequently, the Court finds that Applicant has not met his burden to demonstrate that equitable tolling is warranted in this action.

Finally, although Mr. Burden does not raise his mental competency as a basis for equitable tolling, the Court will address it because Applicant's mental competency was an issue in the state criminal proceeding following his conviction and sentencing.

In *Alvarado v. Smith*, ___ F. App'x ___, 2017 WL 4924660 (10th Cir. Oct. 31, 2017), the Tenth Circuit explained:

> "Equitable tolling of a limitations period based on mental incapacity is warranted only in exceptional circumstances that may include an adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not capable of pursuing his own claim because of mental incapacity." *Reupert v. Workman*, 45 Fed.Appx. 852, 854 (10th Cir. 2002) (unpublished) (citing *Biester v. Midwest Health Serv., Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996)); *see also O'Bryant v. Oklahoma*, 568 Fed.Appx. 632, 636 (10th Cir. 2014) (unpublished) (explaining that federal courts will apply equitable tolling only in cases of "profound mental incapacity" such as when a prisoner was institutionalized or adjudicated mentally incompetent). [footnote omitted]. "Allegations of mental incompetence alone . . . are generally insufficient to warrant equitable tolling." *Wiegand v. Zavares*, 320 Fed.Appx. 837, 839 (10th Cir. 2009) (unpublished).

*Id.* at *2.

In *Burden I*, the Colorado Court of Appeals affirmed the trial court's determination that Applicant was competent to proceed to trial in May 2005. (*See Burden I*, ECF No. at 16-12 at 4-14). However, a CMHIP staff psychologist concluded on June 13, 2007 that Mr. Burden was, at that time, "incompetent to proceed" in state post-conviction proceedings. (ECF No. 16-19 at 12).

For equitable tolling to apply, Mr. Burden must show that between December 8, 2014 and August 14, 2015 he was institutionalized for mental incapacity, was judged

incompetent by a state court, or was incapable of filing a federal habeas application. *See Alvarado*, 2017 WL 4924660, at * 3. Applicant does state that he was institutionalized for mental incapacity[2] or that he was adjudged incompetent by a state court during the relevant period. The fact that Mr. Burden was deemed incompetent to proceed by a mental health professional in June 2007 does not demonstrate that he remained incompetent more than seven years later. Moreover, Applicant does not allege that he was incapable of filing a federal § 2254 application before the one-year period expired. Indeed, Mr. Burden's filing of several *pro se* motions in his state criminal cases between 2013 and 2016 suggest otherwise. (*See* ECF No. 16-1 at 12-14; ECF No. 16-2 at 6-8). *See also Hendricks v. Howard*, No. 07-6274, 284 F. App'x 590, 591 (10th Cir. July 17, 2008) (unpublished) (petitioner's ability to pursue state post-conviction remedies shortly after the AEDPA limitation period expired suggested that petitioner was not incapable of filing a federal habeas petition, despite his allegations of mental illness); *Smith v. Saffle*, No. 01-5078, 28 F. App'x 759 (10th Cir. Oct. 10, 2001) (unpublished) (equitable tolling based on mental incapacity is not available "where the party urging tolling has been able to pursue legal action during the period of his or her alleged incapacity").

Mr. Burden has failed to make any showing of mental illness or incompetency during the one-year limitation period that would entitle him to equitable tolling. Further, Applicant has not demonstrated that he diligently pursued his federal habeas claims

---

2 Even if a habeas petitioner was in a mental health facility during the time pertinent to the AEDPA one-year limitation period, the petitioner must nonetheless present evidence that his circumstances (such as the medication he was taking) prevented him from filing a habeas application in the federal district court before the limitation period expired. *See Martinez v. Attorney General of Colorado*, No. 13-1100, 527 F. App'x 793, 795 (10th Cir. June 13, 2013) (unpublished).

during the statutory period. *See Miller*, 141 F.3d at 978 (noting equitable tolling applies only when inmate diligently pursues claims).

The Court finds and concludes that the § 2254 Application is time-barred. Therefore, the Court does not reach the Respondents' additional argument that Mr. Burden's claims are subject to an anticipatory procedural bar.

**III. Orders**

For the reasons discussed above, it is

ORDERED that the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 11), filed by Applicant, Shane Burden, is DENIED and this action is DISMISSED WITH PREJUDICE as time-barred under 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of the procedural ruling and Mr. Burden has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Burden files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED January 17, 2018, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court